IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JAMAEL LITTLEJOHN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GLOBAL HR RESEARCH, LLC,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Jamael Littlejohn ("Plaintiff") brings this action on an individual basis, seeking statutory and other damages against Defendant Global HR Research, LLC ("GHRR") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Defendant GHRR has produced and sold consumer reports concerning Plaintiff's background that wrongfully and misleadingly reported inaccurate convictions that belong to Plaintiff's twin brother on Plaintiff's consumer report.

6. As a result of GHRR's wrongful conduct, Plaintiff was damaged by, without limitation, loss of employment, suffering harm to his employment qualifications, loss of income, and considerable stress and anguish.

**PARTIES**

7. Plaintiff is a natural person and resident of the State of Florida and qualifies as a "consumer" as defined and protected by the FCRA.

8. Defendant GHRR, Inc. is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant GHRR is a Florida corporation that maintains its primary place of business in Fort Myers, Florida.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant is at home in Florida, regularly conducts business within the State of Florida and violated Plaintiff's rights under the FCRA in the State of Florida as alleged more fully below.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11. Sometime prior to July 16, 2022, Plaintiff applied for employment with Enterprise. In connection with his application, Plaintiff agreed to submit to a consumer background check provided by Defendant GHRR.

12. Sometime thereafter, Enterprise contracted with GHRR to obtain a consumer reporting regarding Plaintiff.

13. To Plaintiff's shock, he was informed that he was being denied employment due to the results of his background check.

14. When Plaintiff reviewed the consumer report prepared by Defendant, dated July 16, 2022, he was horrified to see that Defendant was reporting a felony theft conviction in case number 2006-CF-017212-B-O out of Orange County, FL that is attributable to his ***twin brother***, Jarael Littlejohn.

15. Plaintiff was understandably shocked and confused, as this offense is in no way attributable to him.

16. Nonetheless, Defendant associated this defamatory and adverse conviction information with Plaintiff to his potential landlord and he was denied employment.

17. Because of the inaccurate information provided to Enterprise by Defendant, Plaintiff was denied employment.

18. As a direct result of Defendant's inaccurate reporting, Plaintiff lost out on employment. Additionally, Plaintiff wasted his time applying with Enterprise and has suffered emotional distress and frustration, including humiliation, employment and financial instability, and feelings like he has been represented as a perpetrator of crimes he has not committed.

19. It is patently inaccurate and/or materially misleading to report another individual's criminal record history on Plaintiff's consumer report.

20. Upon information and belief, had Defendant not erroneously and inaccurately reported Plaintiff's criminal record on his background report, Plaintiff would not have been denied employment with Enterprise.

21. Upon information and belief, Defendant fails to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

22. Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting more information is more profitable than reporting less and potentially leaving information off of a consumer report.

23. For example, upon information and belief, Defendant allowed a different individual's criminal history to appear on Plaintiff's consumer report without first confirming the accuracy with the actual court records and connecting the appropriate identifiers, which are readily and publicly available.

24. Defendant regularly seeks out and procures criminal case information with the intention of including it in the consumer reports it sells for profit.

25. Defendant knows or has reason to know the effect of a consumer's criminal record on the assessment of their employability.

26. Instead of employing reasonable procedures as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own employment screening products.

27. Alternatively, upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy.

28. Defendant, a sophisticated consumer reporting agency, is aware that criminal information is often inaccurate or incomplete.

29. Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile criminal data from various online sources without verifying its accuracy with actual court records.

30. Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

31. Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with and/or utilizing reliable third-party vendors.

32. Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

33. Upon information and belief, Defendant has been sued by consumers under the FCRA in the past for erroneously reporting inaccurate criminal records.

34. Therefore, Defendant has notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

35. Upon information and belief, Defendant knew that the furnisher or third-party vendor provides inaccurate consumer data with some regularity.

36. Upon information and belief, Defendant blindly relied on the information provided by the furnisher or third-party vendor despite having reason to know it may be unreliable.

37. Upon information and belief, Defendant does not maintain reasonable procedures to assure it reports consumer information with maximum possible accuracy because it would be more expensive to independently verify the accuracy of the information it includes in its consumer reports.

38. It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate consumer reporting with grave consequences.

39. Despite knowing that its procedures are unreasonable, Defendant recklessly, knowingly, and/or negligently fails to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

40. Upon information and belief, Defendant does not independently investigate the information it procures from third-party vendors before including it in consumers' background reports.

41. Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

42. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

43. Defendant knows that its services are used to make significant consumer decisions.

44. Upon information and belief, Defendant know or should have known that employers make decisions on employment decisions based solely on the information contained in its consumer reports.

45. Upon information and belief, Defendant knew or should have known the negative impact that reporting a consumer's inaccurate criminal record was likely to have on that consumer's employment status.

46. Upon information and belief, Defendant purchases public record information from third-party vendors.

47. Upon information and belief, those third-party vendors explicitly disclaim the accuracy of the information they provide to Defendant.

48. Upon information and belief, Defendant reports and publishes the information provided by the third-party vendors without verifying its accuracy.

49. Upon information and belief, Defendant knows or has reason to know that the third-party vendors it procures consumers' information from often provides inaccurate, misleading, and incomplete records.

50. Upon information and belief, Defendant reports and publishes unverified public records information without employing reasonable procedures to assure its accuracy because employing such procedures would cut into its profits.

51. At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

52. As a direct result of Defendant's conduct, Plaintiff was denied employment with Enterprise.

53. As a direct result of Defendant's conduct, Plaintiff lost out on income from Enterprise.

54. As a further direct result of Defendant's conduct, Plaintiff wasted time and suffered mental distress, including humiliation, embarrassment, defamation, and frustration.

55. As a direct result of Defendant's inaccurate and/or misleading reporting, Plaintiff has suffered actual damages including, but not limited to: job denial, loss of income, wasted time, financial insecurity, and emotional distress, including but not limited to, humiliation, embarrassment, stress, and frustration.

56. Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

57. Alternatively, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

58. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681e

59. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

60. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.

15 U.S.C. § 1581e(b) (emphasis added).

61. GHRR violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

62. Specifically, GHRR willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by inaccurately and/or misleadingly reporting Plaintiff's criminal record with another individual's criminal record history.

63. GHRR's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein.

64. GHRR is therefore liable to Plaintiff for its willful and/or negligent failures to follow reasonable policies and procedures.

65. As a result of GHRR's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment:

i. Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii. Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii. Awarding any other such relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: August 12, 2024

>/s/ Joseph Kanee
>Joseph Kanee, Esq.
>Florida Bar No.: 1040922
>MARCUS & ZELMAN LLC
>4000 Ponce de Leon Blvd, Suite 470
>Coral Gables, FL 33146
>Tel: (786) 369-1122
>Email: joseph@marcuszelman.com
>*Attorneys for Plaintiff*